WEAVER *et al. v.* HARDEN.

No. 12339. SEPTEMBER 15, 1938.

*H. C. Holbrook* and *C. G. Battle,* for plaintiff in error.
*Wengrow & Shelfer,* contra.

ATKINSON, Presiding Justice. 1. The motion for new trial asserts that the court erred in failing to charge the jury to the effect that the relation between Susan Echols and Bessie Harden was one of landlord and tenant. Under the pleadings and evidence, the failure so to charge was not erroneous.

2. It is contended that the court erred in charging the jury that "There has been some dispute about the relative dates of this alleged oral agreement between the plaintiff and Susan Echols, and the execution and recording of a certain deed, the deed from Susan Echols to Mattie Lou Wilborn, the defendants contending that the deed which appears to bear the date February 12, 1931, was executed and recorded before any parol agreement was entered into between plaintiff and Susan Echols, and that if Susan Echols made a parol agreement it was made after she had executed a deed to Mattie Lou Wilborn. If this is true, the real issue then is, was that deed to Mattie Lou Wilborn of February 12, 1931, a valid deed. If it was a valid conveyance conveying the title, reserving a life-estate in the grantor, then a subsequent parol agreement giving the property to the plaintiff would have no effect; but if the deed in question to Mattie Lou Wilborn of February 12, 1931, was fraudulent and void, it would not prevent Susan Echols from making a valid parol agreement afterwards; and if she made such a parol agreement and the plaintiff performed her part of the agreement, it would make no difference whether the alleged fraudulent deed was in existence prior thereto or not." No error is here shown.

3. It is complained that the court erred in charging the jury: "If you find that the deed dated February 12, 1931, from Susan Echols to. Mattie Lou Wilborn, was a fraudulent transaction or that the deed was not a valid deed, and if you believe that Susan Echols made that verbal agreement with this plaintiff, Bessie Har-

den, and that Bessie Harden carried out her part of the agreement, then your verdict should be for the plaintiff." The charge complained of was adjusted to the pleadings and the evidence, and was correctly given.

4. Two grounds are based on the following charge of the court: "It is not contended in this case that this property is conveyed by that will; that is to say, it is not contended that the will is the instrument under which this plaintiff claims the property, her claim being based upon the alleged verbal or parol agreement between her and Susan Echols, and the will is set out as corroborating or showing what the real status of matters was." There is no merit in the criticisms made upon this charge.

5. Other special grounds of the motion are merely elaborations of the general grounds, and require no special treatment. Since the verdict was supported by the evidence, and has been approved by the trial judge, the judgment refusing a new trial will not be disturbed.    *Judgment affirmed. All the Justices concur.*